# Morgan Lewis

**Michael F. Fleming**
Associate
+1.212.309.6207
michael.fleming@morganlewis.com

December 6, 2023

<u>**Via ECF**</u>
Hon. Judge Hector Gonzalez
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>*Joan Harvey v. Delta Air Lines, Inc.*, 1:23-cv-02662-HG
     Delta's Pre-Motion Conference Request</u>

Dear Judge Gonzalez:

We represent Defendant Delta Air Lines, Inc. ("Delta" or the "Company") in the above-referenced matter. Pursuant to Rule IV(A)(2) of You Honor's Individual Practices and Rules, we write respectfully to request a pre-motion conference with the Court to discuss Delta's anticipated motion for summary judgment as to all claims asserted by Plaintiff Joan Harvey ("Plaintiff") in this action, or, alternatively, if the Court does not believe a pre-motion conference is necessary, that a briefing schedule be set for such motion. Pursuant to Your Honor's Individual Practices, attached to this letter is Delta's Proposed Statement of Material Facts Pursuant to Local Civil Rule 56.1.

Delta is a global airline that is responsible for safely transporting approximately 200 million customers annually to 280 destinations around the world. To fulfill that responsibility, Delta maintains robust safety policies and procedures, including a policy that explicitly prohibits members of a flight crew from drinking any alcohol within eight hours of the time they report for duty. Plaintiff, a former Delta flight attendant, was terminated after Delta determined—based on eyewitness accounts and a thorough investigation—that Plaintiff violated the pre-duty prohibition on alcohol consumption and, when confronted about her violation, told her managers a series of inconsistent stories about the incident. Plaintiff now claims without any evidentiary support that her termination was the result of race and age-based

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060  ☏ +1.212.309.6000
United States        ✆ +1.212.309.6001

Hon. Hector Gonzalez
December 6, 2023
Page 2

discrimination.[1]  Plaintiff raised these allegations for the first time after she was observed drinking in violation of Delta's alcohol policy, despite working for Delta for 30 years and having been promoted (at the approximate age of 51) to the position of Purser, a senior flight attendant who is responsible for the flight attendant crew members on a flight and is expected to perform at the highest standards.  There is absolutely no evidentiary support for her allegations, which are based solely on speculation and conjecture.  As summarized below and as will be set forth fully in Delta's motion papers, there are no material issues of fact that preclude granting summary judgment in Delta's favor on all of Plaintiff's claims.

**I.      Summary of Relevant Factual Background.**

On October 21, 2021, David Gilmartin (Delta Base Manager, New York) received a report from a Delta pilot that Plaintiff had been observed drinking a beer at a hotel pool bar within eight hours of her scheduled report time for a flight from Accra, Ghana back to New York City.  Specifically, the pilot reported to Mr. Gilmartin that he and another flight attendant witnessed Plaintiff sitting alone at the bar, that the pilot saw Plaintiff consume approximately half a glass of a beer, and that when he approached Plaintiff and asked her why she was drinking a beer, Plaintiff told him she had only had "a few sips," and expressed confusion as to how many hours before reporting for duty she was required to stop drinking under Delta's alcohol policy.  Mr. Gilmartin then conferred with Delta's Operational Customer Center ("OCC") and Substance Testing Team and determined that Plaintiff should be removed from the flight.  Mr. Gilmartin spoke with Plaintiff and requested that she submit a written statement about the incident.  Mr. Gilmartin requested that the witnesses also submit written statements.

The following day, Mr. Gilmartin reviewed the written statements submitted by Plaintiff and the witnesses; and, based on the information provided and consistent with Delta policies and similar circumstances, suspended Plaintiff's employment pending a review for termination. Mr. Gilmartin, along with Plaintiff's direct Manager, an HR Manager, and HR General Manager, all participated in the termination review.  As part of that process, the Delta managers reviewed Plaintiff's various statements, and found that they contained a number of inconsistencies, including assertions that the beverage belonged to a man whom Plaintiff had been having lunch with, that the beverage belonged to a woman Plaintiff ran into at the hotel, and that the beverage was a non-alcoholic cider.  Mr. Gilmartin also spoke with employees of the hotel, who told him that the hotel did not serve non-alcoholic cider, and reviewed a menu from the hotel that only referenced an alcoholic cider.

Based on evidence collected, Plaintiff's managers concluded that Plaintiff violated Delta's pre-duty prohibition on the consumption of alcohol and that she was not candid with her managers during the investigation.  As a result, Delta made the decision to terminate Plaintiff's employment.   Plaintiff appealed her termination through Delta's Equal

---

[1] Plaintiff alleges Delta violated 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the New York State Human Rights Law ("NYSHRL").

Hon. Hector Gonzalez
December 6, 2023
Page 3

Opportunity (EO) department, but did not present any evidence that challenged the basis for her termination, nor did she present any evidence supporting her conclusory claim that her termination was discriminatory in some way. Accordingly, the EO department concurred with the termination decision.

## II.     Summary of Delta's Anticipated Legal Arguments.

Plaintiff's claims fail because she has not and, indeed, cannot present any evidence that raises even an inference of racial or age-based discrimination, let alone evidence sufficient to rebut Delta's legitimate, non-discriminatory reasons for suspending and then terminating her employment. Plaintiff testified that no Delta employees made any derogatory comments about her race or age in connection with the underlying incident at the pool in Accra or during the investigation and review that led up to her termination. Plaintiff's claims are based solely upon her membership in a protected class, which is insufficient as a matter of law to satisfy even her *prima facie* burden. *See, e.g., Johnson v. Morrison & Foerster LLP*, No. 14-0428, 2015 WL 845723, at *6 (S.D.N.Y. Feb. 26, 2015) ("The mere fact that Plaintiff is a member of those protected groups is necessary to state a claim under Title VII and the ADEA, but it is plainly insufficient by itself to support an inference of discrimination because of those protected characteristics.").

Even if Plaintiff could state a *prima facie* case (and she cannot), there is abundant evidence of Delta's legitimate, non-discriminatory rationale for terminating Plaintiff's employment. That evidence includes written statements from credible eyewitnesses, contemporaneous records of conversations with Plaintiff and the witnesses, several inconsistent statements made by Plaintiff about the incident, and the information provided to Delta by the hotel in Accra. This is more than sufficient to satisfy Delta's burden at the summary judgment stage. *See, e.g., Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) ("While we must ensure that employers do not act in a discriminatory fashion, we do 'not sit as a super-personnel department that reexamines an entity's business decisions.'" (citation omitted)). Plaintiff has no evidence that suggests, let alone proves, that the stated reasons for Delta's decision was pre-textual or that the actual reason for her termination was racial or age-based discrimination. *See Bjorklund v. Golub Corp.*, 832 F. App'x 97, 98 (2d Cir. 2021) ("[T]o 'get to the jury, it is not enough to disbelieve the employer; the factfinder must also believe the plaintiff's explanation of intentional discrimination.'" (citation omitted)). Plaintiff's subjective beliefs are insufficient to satisfy her ultimate burden at summary judgment. *See, e.g., Gerzhgorin v. Selfhelp Cmty. Servs., Inc.*, No. 1:18-cv-04344, 2021 WL 8013836, at *14 (E.D.N.Y. Mar. 2, 2021), *aff'd* 2023 WL 2469824, at *3 (Mar. 13, 2023) ("Plaintiff's belief that Defendants' policies and procedures differed from what was expected of him pursuant to industry practice does not establish that Defendants' explanation for his termination was pretextual."). Plaintiff's claims fail as a matter of fact and law and summary judgment should be granted in Delta's favor on all of Plaintiff's claims.

* * *

Delta respectfully requests the Court schedule a pre-motion conference to discuss Delta's motion for summary judgment, or, alternatively, set a briefing schedule for Delta's motion.

**Hon. Hector Gonzalez**
**December 6, 2023**
**Page 4**

Respectfully submitted,

*/s/ Michael F. Fleming*

Michael F. Fleming

C: All Counsel of Record (via ECF)