JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Mike DiGiulio
Leah Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

December 27, 2023

**VIA ECF**

Honorable Hector Gonzalez
United States District Court Judge

*Re:*  *Harvey v. Delta Air Lines, Inc.*
       23-cv-2662

Dear Judge Gonzalez:

This firm represents Plaintiff Joan Harvey ("Plaintiff") in the above-referenced matter. Pursuant to Rule IV(A)(2) of Your Honor's Individual Practices and Rules, we write in opposition to the letter filed by Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") requesting a pre-motion conference with the Court to discuss Delta's anticipated motion for summary judgement. Pursuant to Your Honor's Individual Practices, attached to this letter is Plaintiff's response to Delta's Proposed Statement of Material Facts Pursuant to Rule 56.1 and Plaintiff's Statement of Additional Material Facts.

The underlying facts of this case indicate that Defendant's stated reasons for terminating Plaintiff are not plausible and that their reason was, in fact, discriminatory. Despite Plaintiff's repeated denials of having drank alcohol and submissions that what she had ordered was non-alcoholic (or believed to be), Defendant violated FAA regulations by failing to test her for alcohol, as it did to all younger white employees suspected of drinking. Defendant claims that Plaintiff's story was inconsistent when, in fact, the stories on which Defendant relied were facially inconsistent at best, and, in crucial details, likely fabricated. Finally, Defendant's different treatment of young and white employees regarding testing and discipline for alcohol violations compared to Defendant's treatment of older and non-white employees is staggering and clear evidence of Defendant's unlawful discriminatory bias. For the foregoing reasons, Defendant is precluded from obtaining judgment as a matter of law.

### I. Summary of Relevant Factual Background

Plaintiff is a 68-year-old African American woman who served Delta as a flight attendant for 30 years. She had a positive performance record and received accolades from customers and colleagues throughout her employment. On October 19, 2021, while in Accra, Ghana for a layover, plaintiff injured her ankle, causing her to be incapacitated and unable to work on her scheduled shift on the flight back the next day. Plaintiff attempted to call Delta several times, but because of poor phone reception was unable to reach the appropriate Delta office to call out injured.

Approximately 7.5 hours prior to her scheduled shift that night, Plaintiff sat in the hotel's poolside restaurant and ordered lunch. Sometime later, a white male pilot, also scheduled to work on her same flight, observed Plaintiff drinking a beverage out of a chalice shaped glass. The pilot falsely assumed that Plaintiff was drinking a beer close to her report time when she was actually drinking cider. Without doing anything to verify the accuracy of his assumptions, the pilot approached Plaintiff, publicly and loudly accosted her for drinking beer within eight hours of her shift, and then reported her to her base manager in New York. The pilot's dining companion at the hotel, a young white female flight attendant, parroted the pilot's false accusation to Delta. Drinking alcohol within eight hours of a flight attendant's shift is both a violation of FAA regulations and Delta's Alcohol Misuse Prevention Program ("Alcohol Policy").

Each of the eyewitnesses submitted multiple written statements to Delta accusing Plaintiff of drinking beer, which contained multiple inconsistencies and outright fabrications. The witnesses kept changing their stories. The primary witness claimed Plaintiff was drinking beer, but then changed his statement to say Plaintiff was drinking something that "looked like" beer. The witnesses claimed that the glass in front of Plaintiff was half full, but then he later claimed that only a few sips of the glass had been drunk. One witness first asserted she saw Plaintiff drinking beer, but then, clarified that *she had not seen Plaintiff drink anything from that glass*. Upon receiving these inconsistent and contradictory statements, and prior to even speaking with Plaintiff, Delta removed Plaintiff from her assigned flight that evening and determined that she would be suspended from employment. When Delta contacted Plaintiff, Plaintiff immediately denied that she had been drinking alcohol, stated she had a non-alcoholic cider, requested that she be tested immediately for alcohol consumption to prove her innocence, and reported her need to be removed from the flight anyway as a result of her ankle injury. Plaintiff's explanation and request fell on deaf ears. Plaintiff was not given the option to get alcohol tested.

Instead, upon arriving back in New York the following day, Plaintiff was immediately suspended without pay, and her Field Service Manager and Base Manager recommended her for termination. Six weeks later, Delta terminated Plaintiff. Delta provided two reasons for Plaintiff's termination: (1) that Plaintiff violated its Alcohol Policy; and (2) Plaintiff provided inconsistent statements about the incident. Plaintiff appealed her termination to Delta's internal Equal Opportunity office. However, Delta failed to conduct any investigation at all into Plaintiff's claims that she was discriminated against. Defendant disproportionately terminates its older and non-white employees for first time infractions of Delta's alcohol policy as compared to the treatment of younger, white employees. Defendant's disciplinary data, produced in this action as documents with bates stamp numbers Delta 001076-001080 ("Disciplinary Data"), shows that of the 12 employees disciplined for violations of Delta's Alcohol Policy and who were over age 60 or non-white, seven of those employees were terminated, ie. over 50 percent. Of the eight employees disciplined for violations of Delta's Alcohol Policy and who are under age 60 or white, one employee was terminated on their first offense. Had Plaintiff not been a black, older woman, Delta would not have fired her.

    **II.**    **There is a Dispute of Material Fact as To Whether Plaintiff Was Terminated Because of Her Race or Age**

Plaintiff has established a prima facie case for race and age discrimination. Specifically, Plaintiff (1) is an older African American and is thus a member of two protected classes (age and race); (2) Plaintiff was qualified for her position; and (3) Plaintiff suffered an adverse employment action when Delta suspended and terminated her; (4) under circumstances that give rise to an inference of discrimination. *Kantrowitz v. Uniondale Union Free Sch. Dist.,* 822 F. Supp. 2d 196, 209 (E.D.N.Y. 2011). There is evidence in the record that Defendant did not terminate similarly suited white and younger Delta flight attendants who were accused of similar misconduct, which gives rise to an inference of discrimination. This is sufficient to satisfy Plaintiff's prima facie burden. *Mack v. Paris Maintenance Co.*, 2016 U.S. Dist. LEXIS 22071, at *18-19 (S.D.N.Y. 2016).

Defendant asserts two non-discriminatory reasons for Plaintiff's termination: 1) Plaintiff violated the Alcohol Policy, and 2) Plaintiff was not candid with Defendant during the investigation into the incident. The burden is on Plaintiff to provide some evidence that these reasons are pretextual. *Kantrowitz v. Uniondale Union Free Sch. Dist.*, 822 F. Supp. 2d 196, 209 (E.D.N.Y. 2011).

There is evidence in the record that Delta's reasons for Plaintiff's termination were pretextual. First, Delta violated FAA regulations and its own Alcohol Policy when handling the accusations against Plaintiff, by failing to give her an alcohol test. *See Gallo v. Prudential Residential Servs., Ltd P'ship*, 22 F.3d 1219, 1226-27 (2d Cir. 1994) (finding sufficient evidence of discriminatory intent where employer's treatment of plaintiff violated its own policy).

Second, not only is Defendant's stated rationale for Plaintiff's termination – that Plaintiff's statements were inconsistent – simply not true, but Delta admittedly relied on reports that were fabricated (and that Delta knew were fabricated) and internally inconsistent. *Gardin v. Delta Air Lines, Inc.*, 2021 U.S. Dist. LEXIS 96865, at *53 (E.D.N.Y. 2021) ("From such discrepancies, a reasonable juror could conclude that the explanations were a pretext for a prohibited reason." (internal citations omitted)). Moreover, not only did Defendants completely ignore Plaintiff's evidence that she had not been drinking alcohol prior to her shift. – i.e., her receipt from the hotel and a statement from the bartender – they outrageously assumed, without any justification or evidence, that Plaintiff had colluded with the staff at the hotel to fabricate the receipt she submitted as evidence. Given their inconsistencies and contradicted assertions, the credibility determination of Defendant's witnesses is highly suspect and the very least should be made by a jury. *See In re Longtop Fin. Tech. Ltd. Sec. Litig.*, 32 F. Supp. 3d 464, 475 (S.D.N.Y. 2014).

Third, there is evidence in the record showing that Defendant had a pattern of mistreating its non-white and older flight attendants. That is, there is statistical evidence that Delta treated its flight attendants who were white and younger than Plaintiff and who were accused of similar misconduct to Plaintiff less harshly than Plaintiff and other older non-white employees. *Gorzynski v. JetBlue Airways Corp.*, 596 F3d 93, 108 (2d Cir. 2010) (fact that employer did not discipline younger employees for violating policies is prima facie evidence of discrimination). Because Plaintiff is an older non-white employee, she was nearly *five times* more likely to be fired by Defendant for the same misconduct as a younger white employee. This evidence is sufficient for a jury to find that Defendants discriminated against Plaintiff and terminated her because of her race and age.

For the reasons stated herein, Plaintiff will oppose Defendant's motion for summary judgment.

Respectfully submitted,

/s/ *Leah Seliger*
Leah Seliger

cc:	All attorneys of record (via ECF)