# EXHIBIT JJ

12/6/22, 4:55 PM                                    EthicsPoint Incident Management

# Case: 2022-1-14041 - EO Appeals
## EO Appeals
### Appeals

## Case Snapshot

**Opened:** 01/25/2022 10:58 AM
**Days open:** 76
**Last modified:** 05/17/2022 6:39 PM
**Date closed:** 04/12/2022
**Intake method:** EO Appeals
**Status:** Closed
**Alert:** None

## General Case Info

**Case number:**
2022-1-14041

**Received/Reported date:**
01/21/2022

**Language:**
English

**Assigned tier:**
EO Appeals

**Creator:** Kurt Hoffman **kurt.m.hoffman@delta.com**

**Issue**

**Primary issue:**
Appeals

## Case Details

### Reported tier information

**Case type:**
EO

**Intake method:**
EO Appeals

### Location

### Reporter Information

**Reporter anonymous:**
No

### Case Information

#### Section I

**MGR:**
Jim Brimberry

**Appealing:**
DA-DRUG AND ALCOHOL-3

9

**CONFIDENTIAL**                                    **Delta 000911**

12/6/22, 4:55 PM                                        EthicsPoint Incident Management

**Description:**
DRINKING WITHIN EIGHT HOURS

**EXE:**
Yes

**Second Appeal:**
No

**Appeal Received:**
01/21/2022

**File Requested:**
01/25/2022

**Assigned:**
01/25/2022

**Employee Contacted:**
01/25/2022

**EE Interview Date:**
02/23/2022

**Result:**
DENIED

**Status:**
CLOSED

**Closed:**
04/12/2022

**EO Leader:**
Yes

**Leader Recvd:**
04/05/2022

**HRM:**
Pardo, Emily

**Legal Rep:**
Giustina

**Mailed:**
Yes

**Letter Mailed:**
04/12/2022

**Details:**
Joan Harvey (escalation)

## Assignments & Access

**Case assignee(s):** Jim Brimberry (Primary)
**Restricted access:** None
**Case access list:** Amal Yusuf; Andy Foulk; Angel Ramirez; Annelyse Sanders; Barbara Shaw; Brandi Thomas; Christina L Rodriguez; Christine Boucher; Clay Henderson; Courtney Ebert; Dan Ketmayura; Dana Kasten; Danielle Bourne; Frank Olivo; Gail Perdue; JeAnne Keal; Jennifer Zappia; Jim Brimberry; Judd Davis; Kim Shannon; Kimberly Patterson; Korri Curtis; Kristan Darty; Kurt Hoffman; Kyle Woebkenberg; Larry Wexler; Linda Carreker; Matt Morrison; Mehret Tafesse; Melinda Jackson; Melissa Seppings; Paul Costello; Sanaa Kachach; Sherrena Bryant; Stephanie VanHorn; Terrance Rice; Vera Powell

9

## Info Contributors

None

CONFIDENTIAL                                                                  Delta 000912

12/6/22, 4:55 PM                                       EthicsPoint Incident Management

## Participants

| Name | Job Title | Relationship | Role | Results | Notes |
|---|---|---|---|---|---|
| JOAN HARVEY | 99999999 - | Former Employee | Reporter | None | |

## Attachments

### Files

| File | Category | Date | Description |
|---|---|---|---|
| Termination Appeal Request Harvey 578767.msg | | 01/25/2022 10:58:00 AM | |
| Call Times Havey 578767.msg | | 01/25/2022 10:58:00 AM | |
| Review Call Invite Havey 578767.msg | | 02/15/2022 09:17:00 AM | |
| Escalation Emails Harvey 578767.msg | | 02/15/2022 09:17:00 AM | |
| Termination appeal Follow-Up.msg | | 02/15/2022 09:17:00 AM | |
| 3.1.22 Email from Harvey.msg | | 05/17/2022 06:32:00 PM | |
| 3.1.22 EXTERNAL Fwd Requested information.msg | | 05/17/2022 06:32:00 PM | |
| Document 2.pdf | | 05/17/2022 06:32:00 PM | |
| Escalation Emails Harvey 578767.msg | | 05/17/2022 06:32:00 PM | |
| EXTERNAL Reguested imfomation .msg | | 05/17/2022 06:33:00 PM | |
| EXTERNAL Requested information 2.msg | | 05/17/2022 06:33:00 PM | |
| EXTERNAL Requested information 3.msg | | 05/17/2022 06:33:00 PM | |
| Harvey, Joan (1).zip | | 05/17/2022 06:33:00 PM | |
| Joan Harvey 057876700 2nd Appeal.pdf | | 05/17/2022 06:33:00 PM | |
| Joan Harvey 057876700 Appeal Decision.doc | | 05/17/2022 06:33:00 PM | |
| Joan Harvey 057876700 Appeal Decision.pdf | | 05/17/2022 06:33:00 PM | |
| Joan Harvey 057876700 Appeal Log.docx | | 05/17/2022 06:34:00 PM | |

## Synopsis

### Outcome of case

**Primary outcome:**
- Select One -

**Secondary outcome 1:**
- Select One -

9

**CONFIDENTIAL**                                                                                              **Delta 000913**

12/6/22, 4:55 PM                                            EthicsPoint Incident Management

**Secondary outcome 2:**
- Select One -

**Action taken:**
- Select One -

**Additional details**

**First date of contact with reporter:**
01/25/2022

**Date Follow-up with Reporter:**
02/23/2022

**Synopsis Completed Date:**
05/17/2022

**Synopsis notes:**
I confirmed to Ms. Harvey that I was the only person representing Delta on the call, and per Delta policy, I was not recording the conversation. Ms. Harvey confirmed that she was alone and not recording the conversation.
I began by reviewing the reason for Ms. Harvey's termination. On October 20, 2021, NYC FA Joan Harvey was observed consuming alcohol on her ACC (Accra, Ghana) layover in the hotel pool area within 8 hours of her report time. The Captain observed this as well as another FA. When the Captain confronted FA Harvey directly, she stated that she only had "a few sips" of the beer and cited confusion about whether the rule was 4 hours or 8 hours. When an IFS Base Manager and an OCC Manager spoke with FA Harvey via telephone, she stated that the beer belonged to her friend (non-Delta) and denied drinking it. Note, the Captain and FA who observed her never witnessed another individual present. Additionally, FA Harvey later stated that she was consuming non-alcoholic cider. Accordingly, Ms. Harvey's employment was terminated.
Ms. Harvey's appeal was received by Delta's Equal Opportunity department (EO) on January 21, 2022. In Ms. Harvey's appeal and in a February 23, 2022 phone conversation with me, Ms. Harvey again denied consuming any alcoholic beverage with eight hours of her report time. She stated that she did not have a conversation with the captain as he basically told her what he thought she was doing and walked away. She stated that she tried to respond, but he would not listen or allow her to speak. She stated that she was going to call off the flight due to her ankle, which she did, but when doing so, she found out that the pilot had already reported her.
Ms. Harvey stated that she had hurt her ankle and tried to explain to the pilot, but he would not hear it. Ms. Harvey denied telling the pilot that she had only had a few sips of beer and was confused regarding the "eight-hour rule". Ms. Harvey stated that she has family in Accra, and the person sitting with her may have been drinking a beer. Of note, the pilot and flight attendant who observed Ms. Harvey did not see anyone seated with her. I asked if she told her leader it was carbonated apple-cider she was drinking. She stated that she did, and that she provided a receipt. (Of note, a receipt and statement from the bartender were received. The bartender stated that she drank apple cider, however there is no such beverage on the bar's menu).
She stated that she should have been tested if they thought she was drinking, and she stated that it "feels like discrimination". When asked to explain she stated that she knows she was not drinking, and the Company is choosing to believe the pilot over her. I asked if she was aware that there was another witness. She stated that she was not, and that if someone else was there, like the pilot, they would not know what she was actually drinking and only the pilot confronted her. She stated that she approached another flight attendant after the pilot confronted her. I discussed that her leaders believe she provided inconsistent stories regarding the matter. She disagreed, stating the she provided clarification when asked to do so.
I discussed with Ms. Harvey that in the termination review process as well as the termination appeal review process we consider the employee's record in its entirety including the specific facts and circumstances that resulted in termination of employment. We discussed that we also consider any new information that the employee may provide which had it been known at the time of the decision to terminate employment, may have given the company cause to have made a different decision.

Ms. Harvey stated that she did not have any new information to provide. She reiterated the information already provided to her leaders. After the appeal, I received several emails attesting to Ms. Harvey's character.

Ms. Harvey did not provide any new information or other information that would warrant overturning the original decision to terminate her employment. I recommend denying Ms. Harvey's termination appeal. JEB

## Tasks

None

## Case Notes

None

9

## Related Cases

**Cases Marked as Related to This Case**

12/6/22, 4:55 PM | EthicsPoint Incident Management

| Case # | Tier | Assignee(s) |
|---|---|---|
| 2021-11-13365 | EO Terminations | Annelyse Sanders |