# EXHIBIT MM



| | |
|---|---|
| **Jim Brimberry**<br>Manager – Equal<br>Opportunity and<br>Compliance | **Delta Air Lines, Inc.**<br>1020 Delta Boulevard<br>Atlanta, GA 30320<br>T. 404 714 1988<br>F. 404 677 5806<br>james.brimberry@delta.com |

April 12, 2022

Ms. Joan Harvey
Via Email ONLY: jboutik@gmail.com

Dear Ms. Harvey,

Your message and related letter from an attorney to Delta's CEO Ed Bastian and other Delta leaders were forwarded to Delta's Equal Opportunity department (EO) as a termination appeal request, which is Delta's normal practice in such matters.

A review has been conducted of the information you submitted and the circumstances surrounding the termination of your employment. As you know, your employment as a Flight Attendant was terminated on December 1, 2021, due to violating Delta's Drug & Alcohol Policy as well as failing to be truthful in a company investigation. At the time of termination, you were given a choice to be terminated or retire lieu of termination. You elected to retire in lieu of termination.

Specifically, on October 20, 2021, you were observed consuming alcohol on your ACC (Accra, Ghana) layover in the hotel pool area within eight hours of your report time. As you are aware, this is a serious violation of Delta's Anti-Drug and Alcohol policy. The Captain observed you consuming the alcoholic beverage, and another flight attendant observed you in the bar area with the beverage in front of you. When the Captain confronted you regarding his observation that you had consumed alcohol, you stated to him that you only had "a few sips" of the beer and cited confusion about whether the rule was four hours or eight hours. The Captain advised you that he was going to report the matter, which he did.

When an IFS Base Manager and an OCC Manager spoke with you via telephone, you stated that the beer belonged to your friend (non-Delta) and denied drinking it. Of note, the Captain and flight attendant who observed you never witnessed another individual present with you. At a later point in the investigation, you changed your story again and stated that you were consuming non-alcoholic cider. Based on the totality of facts and circumstances, your employment was terminated.

In your appeal and in a February 23, 2022 phone conversation with me, you again denied consuming any alcoholic beverage within eight hours of your report time. You stated that you did not have a conversation with the Captain but rather he came up to you and told you what he thought you were doing and walked away. You stated that you tried to respond by telling the Captain that you were going to call off the flight due to having a hurt ankle, but he would not listen or allow you to speak. You denied telling the Captain that you had only had a few sips of beer or that you were confused regarding the "eight-hour rule".

You also stated that you have family in Accra, and the person sitting with you may have been drinking a beer. Of note, the Captain and flight attendant who observed you did not see anyone seated with you. When asked if you told your leader it was carbonated apple-cider you were drinking, you stated that you did and that you provided a receipt. You stated your belief that you should have been substance tested if the Company thought you were drinking, and you stated that it "feels like discrimination". When asked to explain, you stated that you know that you were not drinking, and the Company chose to believe the Captain over you. As we discussed, along with determining that you were consuming alcohol, it was also determined that you provided inconsistent stories regarding the matter. You disagreed, stating that you provided clarification when asked to do so.

Following our phone conversation, you provided statements from individuals you believe corroborate your story and an invoice from the hotel regarding food and beverage purchases. Unfortunately, while the statements you provided from other individuals are in support of you, we cannot disregard the detailed statements from Delta crew members who were actual witnesses to the event at issue, nor can we substantiate what the non-Delta witnesses stated. Additionally, the invoice you provided is not new information as you provided it to your leader and as such, it was considered during the termination review process.

In termination appeals we review the reason(s) for termination, how similar situations have been handled, the employee's previous work record and any new information that was not known at the time of the decision to terminate employment, which may have given the Company cause to have considered a different outcome. Ms. Harvey, the information you provided was either not new information that would warrant reversing your termination or information that we could not corroborate.

As a result, a determination has been made that termination of your employment was appropriate; therefore, your appeal has been denied. While this denial is not the outcome you may have desired, let me assure you that appropriate consideration was given to your situation. In addition, employees who retire in lieu of termination from Delta, like you, are no longer eligible for rehire at Delta or any Delta subsidiary (including as a contractor). An appeal to a termination, which encompasses a review of rehire eligibility status, is the final step in the process; therefore, we consider this matter closed.

Sincerely,

*Jim Brimberry*

Jim Brimberry


cc: Robert Heilmann, Director – Human Resources – In-Flight
cc: Melissa Seppings, Director – Equal Opportunity & Compliance